CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 30 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRYAN BLANTON,<br>　　Petitioner, | )<br>)<br>) | Civil Action No. 7:10-cv-00552 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| WARDEN, U.S.P. LEE, <u>et al.</u>,<br>　　Respondents. | )<br>)<br>) | By: Hon. James C. Turk<br>Senior United States District Judge |

Bryan Blanton, a federal inmate proceeding <u>pro se</u>, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner argues that erroneous information in his inmate file unduly increased his inmate classification, in violation of his statutory and constitutional rights. The respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, the court adds a relevant party, grants the respondent's motion, and dismisses the claims without prejudice.

I.

The record reveals the following facts. Petitioner pleaded guilty to, <u>inter alia</u>, robbery and using a firearm during a felony. Petitioner's presentence report stated in pertinent part:

> According to Court records, defendant Blanton and his father, Iverson Blanton, were stopped for exceeding the speed limit. Both Blanton and his father gave false names. The driver, Iverson Blanton, was arrested, handcuffed and placed in the back of the patrol car, when his true name was determined and it was found that his drivers' license was suspended. As Blanton did not have a drivers' license, a tow truck was called. Defendant Blanton exited his vehicle and pulled out a gun on the arresting officer. Defendant Blanton then ordered the officer to get to his knees, held the gun to the back of the officers [sic] neck and ordered the officer to hand over his gun. Once the officer handed over his weapon, Defendant Blanton had him walk to the patrol unit and remove the handcuffs from Iverson Blanton. Iverson Blanton then placed the handcuffs on the officer and had him kneel on the ground next to the right front door of the patrol car. At that point, the tow truck driver arrived. When the driver saw what was happening, he turned and ran back toward his tow truck. Defendant Blanton walked up to the tow truck driver and struck him over the head with the gun and the gun discharged. The gun fell to the ground. It was later

recovered and was found to be a 9 millimeter Smith & Wesson with a clip of nine rounds of ammunition. Defendant Blanton and his father then drove away in their vehicle. A short time later, the vehicle was stopped. . . .

(Pet. 28.) Petitioner was subsequently arrested and convicted of various crimes but not for escape.

Bureau of Prisons ("BOP") staff relied on these facts to calculate petitioner's custody classification score. In creating that score, staff added extra points, which increased his security classification, for a public safety factor[1] risk of escape. However, petitioner told BOP officials that a court never entered an escape conviction and that the BOP should not use this information to increase his security level. The BOP declined to remove the extra points as petitioner appealed the calculation through the administrative review process. However, BOP officials removed the extra points for the escape after receiving notice of this action, which reduced petitioner's classification level.

Petitioner argues that BOP officials violated due process and the Privacy Act, 5 U.S.C. § 522a, by unfairly subjecting him to unnecessary penological restrictions related to an increased classification score. Petitioner requests as relief $1,000 per week or month that the incorrect information remains in his inmate file; filing costs; that the erroneous information be removed from his inmate file; and a transfer to the Federal Correctional Institution in Manchester, Kentucky.

II.

A.

A writ of habeas corpus is a prisoner's federal remedy to challenge the fact or duration of

---

[1]Public Safety Factors are certain demonstrated behaviors which require increased security measures to ensure the

his physical imprisonment and to seek a speedier release from imprisonment. Cf. Preiser v. Rodriguez, 411 U.S. 475, 486, 498-500 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge . . . not [impacting] the fact or length of his custody."); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."). However, a §2241 habeas petition is not the appropriate vehicle for an alleged Privacy Act violation when, like in the instant case, the claim does not implicate the duration of a sentence. Compare Jackson v. Federal Bureau of Prisons, 538 F. Supp. 2d 194, 198 (D.C. Mar. 14, 2008) ("A ruling in plaintiff's favor on his Privacy Act claim would have a direct impact upon the duration of his confinement, . . . [which] must be brought in a petition for a writ of habeas corpus."), with Smith v. U.S. Parole Com'n, No. 7:05-cv-00120, 2005 WL 1594452 * 2, (W.D. Va. June 29, 2005) (a § 2241 petition is not the proper method to bring a Privacy Act claim when the claim does not implicate the execution of a sentence). The alleged erroneous information entered in petitioner's file did not impact the length of his sentence but only his classification level. Furthermore, the court cannot award compensatory damages in this habeas action. See Wolff v. McDonnell, 418 U.S. 554-55 (1974) ("[T]he [Preiser] Court was careful to point out that habeas corpus is not an appropriate or available remedy for damages claims."). Moreover, the BOP removed the points added for the alleged escape, which reduced his inmate security classification, and his request for injunctive relief to have the erroneous information removed from his file and to have his security classification properly calculated is moot. Accordingly, petitioner is not entitled to habeas relief

---

protection of society.

3

for the alleged miscalculation of his security classification, and the court dismisses his petition without prejudice.

B.

Inasmuch as plaintiff requests damages and other injunctive relief for his claims, the court may liberally construe the complaint as arising under the Privacy Act, <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). Petitioner argues that the BOP's erroneous record prejudiced him and that the inclusion of conduct of which he was never convicted violated due process.

1. Privacy Act Claim.

Petitioner's claim of the BOP's failure to keep accurate an record would be pursuant to the Privacy Act. <u>See</u> 5 U.S.C. § 522a(g)(1) ("Whenever any agency [] fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual . . . the individual may bring a civil action against the agency . . . ."). The Privacy Act states in pertinent part:

> Each agency that maintains a system of records shall . . . maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination.

<u>Id.</u> § 552a(e)(5). The Privacy Act permits an individual to request an amendment to a

record and requires the agency to either promptly correct the record or explain its reasons for not amending. See id. § 522a(d)(2); Jackson, 538 F. Supp. 2d at 199. A person may file a civil action against an agency when it refuses to amend its records upon request or fails to maintain its records with the requisite level of accuracy and completeness. 5 U.S.C. § 522a(g); Jackson, 538 F. Supp. 2d at 199. If the agency's conduct was willful or intentional, money damages are available. Id. Because an action pursuant to the Privacy Act is made against an agency, the BOP is added as a defendant. See Fed. R. Civ. P. 21 (stating a court may at any time and on its own motion add a party on just terms); Armstrong v. Bureau of Prisons, 976 F. Supp. 17, 23 (D.D.C. 1997) (stating a Privacy Act claim must be brought against the agency, such as the Bureau of Prisons). See also 28 U.S.C. § 1915A(b) (permitting courts to screen an incarcerated plaintiff's claims made against a government's agencies and agents).

However, petitioner's claim under the Privacy Act fails. The Privacy Act allows an agency to promulgate regulations that exempt certain records within the agency from certain provisions of the Privacy Act. 5 U.S.C. § 552a(j). The BOP exempted itself entirely from the access and amendment requirements and the civil remedies of the Privacy Act about inmate records. 28 C.F.R. § 16.97(a)(4); Jackson, 538 F. Supp. 2d at 199. Furthermore, the BOP already amended petitioner's record to remove the disputed escape calculation, mooting his demand to recalculate his security classification. Moreover, petitioner fails to establish the requisite level of willfulness to warrant a damages award. Therefore, petitioner cannot maintain a Privacy Act claim against the respondent or the BOP.

2. Due Process Claim.

To the extent petitioner alleges a due process violation for the alleged inaccurate custody

5

classification score, he fails to state a claim for relief because an inmate does not have a protected liberty interest in a particular custody classification. See Sandin v. Conner, 515 U.S. 472, 486-87 (1995); Watts v. Federal Bureau of Prisons, No. 7:05-cv-00601, 2006 WL 240787 *1 (W.D. Va. Jan. 31, 2006) (dismissing custody classification due process claim because inmates have no protected liberty interests in a particular custody classification or in being assigned to a particular institution). Therefore, any reliance on the incorrect information was not to any constitutionally-significant degree. Paine v. Baker, 595 F.2d 197, 201-03 (4th Cir. 1979). Furthermore, an inmate has no constitutional right to be housed in any particular prison. Meachum v. Fano, 427 U.S. 215 (1976). Moreover, there also is no constitutional requirement that an inmate have access to his inmate file. Franklin v. Shields, 569 F.2d 784, 800 (4th Cir. 1978). Accordingly, petitioner fails to state a Privacy Act or Bivens claim upon which relief may be granted, and, thus, the court grants the respondent's motion to dismiss and dismisses the claims without prejudice.

### III.

For the foregoing reasons, the court adds the BOP as a defendant, grants the respondent's motion to dismiss, and dismisses petitioner's claims without prejudice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 29th day of March, 2011.

*/s/ James C. Turk*
Senior United States District Judge